IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| USI INSURANCE SERVICES, LLC, a foreign limited liability company, and KIBBLE & PRENTICE HOLDING COMPANY, a foreign corporation doing business as USI INSURANCE SERVICES NORTHWEST,<br><br>        Plaintiffs,<br><br>   v.<br><br>MICHAEL AITKIN and ALLIANT INSURANCE SERVICES INC.,<br><br>        Defendants. | No. 2:21-cv-00267-HZ<br><br>OPINION & ORDER |

Lindsey D. G. Dates
Mariah A. Whitner
Barnes & Thornburg LLP
One N. Wacker Drive, Suite 4400
Chicago, IL 60606

Naomi Levelle Haslitt
Iván Resendiz Gutierrez
Miller Nash LLP
111 SW Fifth Avenue
Portland, OR 97204

    Attorneys for Plaintiffs

1- OPINION & ORDER

Debra L. Fischer
Seth Gerber
Veronica Lew
Morgan, Lewis & Bockius LP
2049 Century Park East, Suite 700
Los Angeles, CA 90067

William S.T. Wood
Andrea R. Meyer
Sussman Shank, LLP
1000 SW Broadway, Suite 1400
Portland, OR 97205

      Attorneys for Defendants

HERNÁNDEZ, District Judge:

Plaintiff USI Insurance Services, LLC and its subsidiary Kibble & Prentice Holding Company, d/b/a USI Insurance Services Northwest (collectively "USI") bring this motion for an intra-district transfer of venue under 28 U.S.C. § 1404(b). Defendants Michael Aitkin and Alliant Insurance Services, Inc. ("Alliant") oppose this motion. For the reasons stated below, the Court grants Plaintiff's motion and transfers this case from the Pendleton Division to the Portland Division of the United States District Court for the District of Oregon.

## BACKGROUND

Defendant Michael Aitkin, a former employee of Plaintiff USI, originally filed this action on February 5, 2021, in the Circuit Court of the State of Oregon for the County of Umatilla. Aitkin sought a declaratory judgment that the restrictive covenants in his employment contract with USI were void and unenforceable. USI removed the case to the District of Oregon, Pendleton Division, which is the division that encompasses Umatilla County. On May 28, 2021, the Court granted USI's motion for a preliminary injunction, which enjoined Aitkin from competing with USI by servicing any of his former clients on behalf of his new employer,

Alliant. USI then filed counterclaims against Aitkin and Alliant for, *inter alia*, breach of contract and breach of fiduciary duties.

On June 15, 2022, the Court granted summary judgment for USI on Aitkin's sole claim for a declaratory judgment. The Court also granted summary judgment for Aitkin and Alliant on USI's counterclaims for breach of fiduciary duties and aiding and abetting breach of fiduciary duties. The Court denied summary judgment for Aitkin on USI's breach of contract counterclaim and for Alliant on USI's claim for intentional interference with economic relations. The case is now scheduled to proceed to a jury trial on USI's remaining counterclaims.

Because the only remaining claims are those brought by USI against Aitkin and Alliant, the Court has realigned that parties such that USI is now Plaintiff, and Aitkin and Alliant are now Defendants. USI filed this motion for an intra-district transfer of venue on August 12, 2022. Aitkin and Alliant oppose transfer.

**STANDARDS**

28 U.S.C. § 1404 governs motions to transfer venue, including intra-district transfers. *See* 28 U.S.C. § 1404(b) ("Upon motion, consent or stipulation of all parties, any action, suit or proceeding of a civil nature . . . may be transferred, in the discretion of the court, from the division in which pending to any other division in the same district."). When considering a motion to transfer within a federal district under § 1404(b), courts analyze the same factors as for a transfer between districts under § 1404(a). *Dooley v. Nevada Gold Mines, LLC*, No. 2:21-cv-00420-GMN-DJA, 2022 WL 867265, at *2 (D. Nev. Mar 23, 2022). 28 U.S.C. § 1404(a) authorizes courts to transfer an action "[f]or the convenience of the parties and witnesses, in the interest of justice . . . to any other district or division where it might have been brought[.]"

3- OPINION & ORDER

District courts have discretion to grant or deny motions to transfer based on an "individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (citation omitted). In each case, courts must weigh multiple factors to determine whether transfer is appropriate. *Id.* Courts may consider: "(1) the plaintiff's choice of forum; (2) the convenience of the parties; (3) the convenience of the witnesses; (4) the location of books and records; (5) which forum's law applies; (6) the interests of justice; and (7) administrative considerations." *Amini Innovation Corp. v. JS Imports, Inc.*, 497 F. Supp. 2d 1093, 1109 (C.D. Cal. 2007); *see also Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 499 (9th Cir. 2000) (listing the following factors as relevant to a motion to transfer: "(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof").

## DISCUSSION

Plaintiff USI seeks this transfer eighteen months after the case was filed, arguing that the convenience of witnesses and the costs of litigation weigh in favor of transfer. Defendants contend that Plaintiff's "eleventh-hour motion to transfer" is an attempt to secure "a more favorable jury pool" for trial and argue that Plaintiff fails to show that the balance of the relevant factors favors transfer. Def. Resp. Pl. Mot. Transfer 2, ECF 203. After weighing the relevant factors, the Court finds that in the interest of justice and for the convenience of parties and witnesses, transfer to the Portland Division is appropriate.

I.      **Plaintiff's Choice of Venue**

Courts generally give deference to a plaintiff's choice of venue. *See Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986) ("The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum."); *Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001) ("[A] plaintiff's choice of forum is afforded substantial weight."). In the usual case, deference to the plaintiff's choice of venue weighs against transfer because the plaintiff chose to file the case in the original venue. But here, although the case was originally filed by Defendant Aitkin as a declaratory judgment action, all of the remaining claims belong to Plaintiff USI. The Court has realigned the parties accordingly, and Plaintiff's preferred venue is the Portland Division. Thus, this factor weighs in favor of granting Plaintiff's motion to transfer.

Defendants argue that because Aitkin originally filed the action and USI brought counterclaims, Aitkin should still be considered the plaintiff for the purpose of determining venue. Defendants rely on a case from the District of Arizona, in which the court held that the original plaintiff's choice of forum was still relevant, even though the plaintiff had voluntarily dismissed its claims and only the defendant's counterclaims remained. *ThermoLife Int'l LLC v. NeoGenis Labs Inc.*, No. CV-18-02980-PHX-DWL, 2021 WL 3290532, at *3 (D. Ariz. Aug. 2, 2021). But in that case, the court had not realigned the parties as the Court has here, so the party who had originally filed the case and opposed transfer was still the named plaintiff. *Id.* In addition, the plaintiff in *ThermoLife* had filed substantive claims seeking damages. *Id.* In contrast, Aitkin filed this action preemptively seeking only a declaratory judgment. The original plaintiff's choice of forum is accorded less deference in a declaratory judgment action because "but for the plaintiff's preemptive filing the case would be in all respects the defendant's suit."

*Corvenga v. Spectra Medical*, No. 12 C 4846, 2012 WL 5342364, at *2 (N.D. Ill. Oct. 29, 2012) (brackets and ellipses omitted). Lastly, in *ThermoLife*, the defendant sought transfer to another district in a different state under § 1404(a) rather than an intra-district transfer under § 1404(b). In contrast to *ThermoLife*, Plaintiff seeks to transfer this case to a different division within the same district and with the same judge.

Accordingly, as Plaintiff, USI's choice to litigate its claims in the Portland Division is entitled to deference, and this factor weighs in favor of transfer.

## II.    Convenience of Parties and Contacts with the Forum

In opposing Plaintiff's motion to transfer, Defendants argue that the parties contacts with the Pendleton Division are more significant than their contact with the Portland Division, both generally and as related to the claims in this case. Defendants assert that Aitkin lives and worked for Plaintiff within the Pendleton Division. But Plaintiff notes that the other Defendant, Alliant, is a California corporation, whose only contact with the Pendleton division related to this litigation is through Aitkin. Plaintiff also argues that USI is an out-of-state company, and its primary contact with Oregon is through its Portland office, where more than 120 of its employees work. Gutierrez Decl. ¶ 2, ECF 196-1. Thus, Plaintiff claims that the parties have a stronger connection to Portland than to Pendleton.

"When at least some of the events giving rise to [the] lawsuit occurred in the plaintiff's choice of forum, all parties have contact with that forum." *Dooley*, 2022 WL 867265, at *3 (citation and brackets omitted). Because USI conducts business in Oregon through its Portland office, the alleged harms caused by Defendants' actions that give rise to Plaintiff's breach of claims occurred within the Portland Division. Had Plaintiff been first to file this action, it could

6- OPINION & ORDER

have done so in the Portland Division. Accordingly, the parties' contacts related to this action weigh slightly in favor of transfer.

### III. Convenience of Witnesses and Cost of Litigation

"The convenience of witnesses is often the most important factor in determining whether a transfer pursuant to § 1404 is appropriate." *Amini Innovation Corp.*, 497 F. Supp. 2d at 1111. Most of Plaintiff's proposed witnesses live outside the state of Oregon and will need to fly to the state to testify. Plaintiff argues that the most convenient and cost-effective manner for the out-of-state witnesses to travel to the forum state is to fly into Portland. To travel to Pendleton, Oregon, these out-of-state witnesses would need to fly to Portland and then either drive 200 miles or take an additional connecting flight. Although Defendants' assert that the Pendleton courthouse is a convenient location for some of their witnesses, Portland is an easier location to reach for most witnesses in this case. In addition, Portland is more convenient for both Plaintiff's and Defendants' proposed experts.[1]

Accordingly, the convenience and lower cost of travel for witnesses favors transfer to the Portland Division.

### IV. Other Factors

Other factors courts may consider are less relevant to Plaintiff's motion to transfer. Because Plaintiff moves for an intra-district transfer, choice of law is not a factor. In either the Pendleton Division or the Portland Division, Oregon law applies to Plaintiff's breach of contract and intentional interference with economic relations claims. While Plaintiff's attorneys would incur some additional expense and inconvenience in transporting evidence from Portland to

---

[1] Plaintiff's proposed expert witness, Robert S. Sly, lives in Jacksonville, Florida, and Defendants' proposed expert lives in Portland, Oregon.

Pendleton, in relation to the overall cost of litigation, such expense is minimal. Access to records and other administrative concerns do not weigh strongly for or against transfer.

## V. Timing of Plaintiff's Motion

Defendants argue that Plaintiff's motion to transfer venue on the eve of trial, eighteen months after the case was originally filed, is untimely. Defendants rely on a Fifth Circuit case that affirmed the district court's denial of a motion to transfer that was filed after eighteen months of litigation. *See Peteet v. Dow Chemical Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989) ("Parties seeking a change of venue should act with reasonable promptness"). But in *Peteet*, the court denied the motion in part because "[the defendant's] motion to transfer venue would have caused yet another delay in this protracted litigation." *Id.* The defendant sought to transfer the case to another district in another state under § 1404(a). *Id.*

Here, Plaintiff seeks an intra-district transfer under § 1404(b). Transfer of venue will cause no delay and the case will continue to be litigated before the same district court judge. Thus, the timing of Plaintiff's motion, though late, does not preclude the Court from transferring the case.

In summary, the Court finds that on balance, the relevant factors weight in favor of intra-district transfer. For the convenience of the parties and witnesses, the Court transfers this case to Plaintiff's chosen forum.

///

///

///

///

///

## CONCLUSION

The Court grants Plaintiff USI's motion to transfer venue from the Pendleton Division to the Portland Division of the District of Oregon.

IT IS SO ORDERED.

Dated  September 1, 2022

*Marco Hernandez*

MARCO A. HERNÁNDEZ
United States District Judge